IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAVERLY PRIMM, #35926-068,<br>    Petitioner, | )<br>)<br>) |
| v. | ) 2:17-cv-295<br>) |
| PENNSYLVANIA BOARD OF PAROLE,<br>    Respondent. | )<br>)<br>) |

MEMORANDUM OPINION and ORDER

Waverly Primm, an inmate at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio has presented a petition for a writ of habeas corpus seeking to challenge future actions against him by the Pennsylvania Board of Probation and Parole ("PABPP").[1] For the reasons that follow the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

As set forth in the petition, Primm was arrested on Pennsylvania charges pending against him at CP-37-CR-188-2012 on February 15, 2012; he was subsequently sentenced to a fifteen to forty-eight month period of incarceration on July 11, 2012. He was paroled in September 2013 for a period for three years with a parole expiration date of April 29, 2016.

While on parole, petitioner was charged in this Court at 2:15-cr-186 and held in custody. As a result the PABPP lodged a detainer against him at the NEOCC.[2] He now contends that as a result of this detainer, the PABPP "violated his Fifth Amendment Constitutional right to due process by lodging a detainer against him without affording him a revocation hearing."[3] As is

---

[1] Primm is presently being held without bail at the Northeast Ohio Correctional Center awaiting disposition of charges pending in this Court at 2:15-cr-186.

[2] "Habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." Preiser v. Rodriguez, 1973, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439.

[3] Respondent sets forth that Primm was originally paroled on the state charges on April 18, 2013 (Ex. A to response); recommitted as a technical parole violator on March 13, 2014 (Ex. C to response) and again paroled on June 3, 2014 (Ex.D to response) with a maximum parole expiration date of April 29, 2016. On September 18, 2015 a warrant was issued and lodged as a detainer (Ex. E to response). On May 25, 2016, a "lift order" was entered (Ex. G to response) and sent to the United States Marshal for this district and receipt acknowledged on June 3, 2016 (Ex. H to the response). In a letter dated March 30, 2017 the PABPP notified petitioner that "documents will be provided to you when you[] return to a State Correctional Institution and have your hearing" (Ex. I to the response).

clear from the record, the state detainer has been lifted; he has been advised that he will be subject to a hearing at some later date and that the sole basis for his custody at this time is his federal detention. Thus, contrary to Primm's assertion, there is no basis for claiming that "the Parole Board violated his Fifth Amendment constitutional right to due process by lodging a detainer against him without affording him a revocation hearing." The simple fact is that the detainer does not exist and he is being confined exclusively on the federal charges.

It is provided in 28 U.S.C. §2254(a) that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Since Primm is not in custody as a result of any action by the PABPP he is not entitled to any relief here. Accordingly, his petition for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

Filed: August 22, 2017                              s/ Robert C. Mitchell
                                                    United States Magistrate Judge

ORDER

AND NOW, this 22nd day of August, 2017, for the reasons set forth in the foregoing Memorandum Opinion,

IT IS ORDERED that the petition of Waverly Primm for a writ of habeas corpus (ECF No.4) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

Pursuant to Rule 4(a), F.R.App.P. P. any party desiring to file an appeal from this determination must do so within thirty (30) days by filing a notice of appeal with the Clerk of Court at Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

s/ Robert C. Mitchell
United States Magistrate Judge